IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAYMUNDO JASSO PECINA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-645-RP |
| | § | |
| PAMELA BONDI, *in her official capacity as* | § | |
| *Attorney General of the United States*, et al., | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Raymundo Jasso Pecina's ("Petitioner") Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), the Response filed by Federal Respondents[1] (Dkt.

5), and Petitioner's Reply, (Dkt. 6). In his Petition, Petitioner alleged that he entered the United

States without inspection in 2004 and that Federal Respondents are detaining him under 8 U.S.C.

§ 1225(b). (Pet., Dkt. 1, at 4, 10). Federal Respondents, on the other hand, state that he is "charged

as removable from the United States because he was inspected and admitted to the United States on

a tourist visa not to exceed June 15, 2001." (Resp., Dkt. 5, at 1). They further claim that he is being

detained under 8 U.S.C. § 1226(a), rather than § 1225(b). (*Id.*).

Petitioner replies with a declaration made under penalty of perjury stating that the "last time

[he] utilized [his] BCC/Tourist Visa to enter the United States lawfully was on or about July 2,

2001."[2] (Pet. Decl., Dkt. 6-2, at 2). He admits overstaying that visa but declares that he "later

departed the United States and was returned to [his] home country through a Voluntary Return

---

[1] The Federal Respondents are Todd M. Lyons, Acting Director of United States Immigration and Customs Enforcement ("ICE"); Miguel Vergara, Director of San Antonio Field Office, U.S. ICE; Kristi Noem, Secretary of the United States Department of Homeland Security; and Pamela Bondi, United States Attorney General.

[2] Petitioner attaches as support a Form I-94 reflecting a 2001 admission set to expire on January 1, 2022, which conflicts with Respondents' Notice to Appear, (Dkt. 5-1), and assertions in their Response, (Dkt. 5).

process." (*Id.*). After that departure from the United States, he declares that he entered the United States without being admitted or inspected in 2004. (*Id.*). Accordingly, Petitioner asserts that he "would be classified as an 'applicant for admission' rather than as a visa overstay" and is "subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Reply, Dkt. 6, at 1–2).

The Court requires more information before it may rule on Petitioner's Petition for a Writ of Habeas Corpus. The Court will order Federal Respondents to file a surreply informing the Court whether it agrees with Petitioner's contention that he last entered the United States without inspection and is detained subject to § 1225(b). If Federal Respondents disagree, they shall so notify the Court and attach to their surreply the Form I-200 administrative warrant used to detain Petitioner.[3]

Accordingly, **IT IS ORDERED** that Federal Respondents shall file a surreply on or before **April 7, 2026**, responding to Petitioner's Reply, (Dkt. 6), Declaration, (Dkt. 6-2), and Form I-94, (Dkt. 6-3). Federal Respondents shall explain which detention authority Petitioner is detained under and include supporting documentation.

**SIGNED** on April 1, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[3] If Respondents assert that § 1226 applies in this case but no Form I-200 administrative warrant had been issued when Petitioner was detained, Respondents must explain under what authority Petitioner was taken into custody. *See* 8 U.S.C. § 1226(a) ("**On a warrant** issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added).